**JACK NOTAR**
California State Bar No. 332716
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666

Attorneys for Nunez-Soberanis

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE LUIS NUNEZ-SOBERANIS,<br><br>Defendant. | CASE NO.:   3:18-CR-4781<br><br>Hon. Cynthia A. Bashant<br>Date: August 5, 2022<br><br>**DEFENSE'S RESPONSE TO GOVERNMENT'S MOTION TO DISMISS** |

On June 13, 2022, the government filed a motion to dismiss the second superseding misdemeanor information against Mr. Jose Nunez-Soberanis without prejudice.[1] Mr. Nunez-Soberanis now files this response to the government's motion, arguing (1) that this Court is not the proper venue for these motions, but rather that the Magistrate Court, where Mr. Nunez-Soberanis was originally arraigned on the superseding misdemeanor information and found guilty, is; (2) that the information against him should be dismissed *with* prejudice; and (3) that Mr. Nunez-Soberanis is entitled to either a hearing where he can be present to argue that the information should be dismissed with prejudice, or a new trial.

**I.   Background**

On September 25, 2019, Mr. Nunez-Soberanis was found guilty by

---

[1] The government uses "complaint" in their motion to dismiss, but Mr. Nunez-Soberanis was charged by information. *See* Dkt. No. 60.

Magistrate Judge Mitchell D. Dembin of violating 8 U.S.C. § 1325(a)(1). *See* Dkt. No. 78. This Court then affirmed the lower court's decision. *See* Dkt. No. 97. Mr. Nunez-Soberanis then appealed to the Ninth Circuit; the government then filed an unopposed motion to vacate, and both parties now seek dismissal of the information against Mr. Nunez-Soberanis. *See* Dkt. No. 104. However, the government argues that the dismissal should be *without* prejudice. *See* Dkt. No. 106. Mr. Nunez-Soberanis disagrees and urges the proper Court to dismiss *with* prejudice, for reasons cited within.

**II.   The proper venue for this dismissal is the Magistrate Court, as that is where Mr. Nunez-Soberanis was originally arraigned, indicted, and found guilty.**

First, this Court is not the proper venue to adjudicate whether the dismissal of the information should be with or without prejudice. Rather, after the government filed a superseding information charging just a petty offense, this case has proceeded under 18 U.S.C. § 3401 and Federal Rules of Criminal Procedure 58(g). Because Mr. Nunez-Soberanis was originally arraigned on the information and tried by the Magistrate Judge, and this Court merely affirmed the Magistrate Court's decision, the Magistrate Judge is in fact the proper venue to decide this dismissal issue. *See* Dkt. Nos. 12, 46, 78. Therefore, Mr. Nunez-Soberanis respectfully asks that the District Court refer the dismissal to the Magistrate Court. *See* F.R.C.P. 58(b)(E)(i).

**III.   The information against Mr. Nunez-Soberanis should be dismissed *with* prejudice.**

At common law, "prosecutors [had] unfettered discretion, before empaneling the jury, to enter a *nolle prosequi*, a decision not to prosecute, without first obtaining the court's consent." *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988). Due to the concern, however, that "prosecutors were abusing this discretion and harassing defendants by indicting, dismissing, and reindicting

without triggering the protections of the double jeopardy clause, Rule 48(a) was enacted to provide a check on prosecutorial behavior." *Hayden*, 860 F.2d at 1487. Rule 48(a) provides: "The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent." FED. R. CRIM. P. 48(a).

Rule 48(a)'s "leave of court" requirement is intended to "str[ike] a reasonable balance" between "the prosecutor's discretionary role and the judiciary's supervisory role[.]" *Hayden*, 860 F.2d at 1487. In exercising its supervisory role, a court must determine whether "the prosecutor is acting in good faith in making its Rule 48(a) motion[.]" *Id*. If so, "it should grant the motion; conversely, Rule 48(a) empowers the district court to exercise its discretion in denying the motion when it specifically determines that the government is operating in bad faith." *Id*.; *see also United States v. Gonzalez*, 58 F.3d 459, 461 (9th Cir. 1995) ("The primary purpose of the requirement that leave of court be obtained is to grant judges discretion to prevent the government from using its discretionary power to dismiss indictments for purposes of harassment.").

Under Rule 48(a), "the district judge represents defendants' sole source of protection against prosecutorial misconduct and must be careful to safeguard their rights." *Gonzalez*, 58 F.3d at 462. To fulfill this obligation and provide true "leave of court," several courts have held that a district court must require the government to state its reasons for seeking dismissal under Rule 48(a).

In *United States v. Derr*, 726 F.2d 617, 618 (10th Cir. 1984), for example, the government indicted the defendant on multiple counts of bank-related crimes. On the day trial was set to start, the government moved to dismiss the indictment under Rule 48(a). *Derr*, 726 F.2d at 618. In support of its motion, "[t]he government offered no reasons . . . other than that dismissal would 'best meet the ends of

justice.'" *Id*. Over the defendant's objection, the district court dismissed the indictment without prejudice. *Id*. When the government later reindicted the defendant for the same bank-related crimes, he moved to dismiss the second indictment. *Id*. Specifically, the defendant argued that the district court erred in dismissing the first indictment without prejudice because the government offered no real reasons for dismissal. *Id*. This time, the district court agreed with the defendant and dismissed the second indictment. *Id*. The government appealed, arguing that "the text of Rule 48(a) and the history of its enactment indicate that the prosecutor need not state reasons for seeking the dismissal of an indictment." *Id*. at 619. The Tenth Circuit disagreed. *Id*.

The Tenth Circuit noted "the primary purpose of the requirement that the prosecutor obtain leave of court is to prevent harassment of a defendant by a prosecutor's charging, dismissing, and recharging the defendant with a crime." *Id*. "[T]o honor the purpose of the rule," the court reasoned that "the trial court at the very least must know the prosecutor's reason for seeking to dismiss the indictment and the facts underlying the prosecutor's decision." *Id*. "If the record contains no reasons or facts explaining the trial court's decision, the trial court's decision is effectively unreviewable." *Id*. Applying these principles, the court "conclude[d] that the district court correctly determined that it abused its discretion when it did not require that the government state reasons for its desire to dismiss the original indictment." *Id*.

Along with the Tenth Circuit, several other courts of appeals require the government to provide its actual reasons for seeking dismissal under Rule 48(a) so that a district court, in turn, can meaningfully discharge the "leave of court" requirement. *See, e.g., United States v. Palomares*, 119 F.3d 556, 558 (7th Cir. 1997) ("The district court may presume the government has acted in good faith, but

the government must provide more than conclusory reasons for seeking dismissal."); *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982) ("[T]he prosecutor is under an obligation to supply sufficient reasons—reasons that constitute more than 'a mere conclusory interest.'"); *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973) ("[I]n the exercise of its responsibility, the court will not be content with a mere conclusory statement by the prosecutor that dismissal is in the public interest, but will require a statement of reasons and underlying factual basis.").

Consistent with this authority, Mr. Nunez-Soberanis asks for the information to be dismissed with prejudice (1) because the government has not provided sufficient reason or adequate facts explaining their reasoning for seeking dismissal without prejudice, and (2) is not acting in good faith by attempting to dismiss the information while simultaneously being able to hold it over Mr. Nunez-Soberanis's head for possible recharging when they do not have the evidence to prevail at trial.

> a. *The government has not provided sufficient reason for seeking dismissal without prejudice.*

In the government's motion to dismiss without prejudice, they assert that the reasons they are moving to dismiss without prejudice are that they are "simply electing to not allocate additional resources to the prosecution," and later that a dismissal without prejudice is "based on the interests of justice." *See* Dkt. No. 106 at 4. These are insufficient reasons.

The first assertion is insufficient because, for one, it supports a dismissal *with* prejudice even more than without prejudice. The government is essentially saying that they don't have the resources to re-try Mr. Nunez-Soberanis's case. If that's true, the government should officially close the case by dismissing with prejudice, rather than continue to use resources to keep the option of re-prosecution open, as

they are currently doing.

The second assertion – that a dismissal without prejudice is based on the interests of justice – is insufficient because it is conclusory and not explained and is thus not a reason at all. Both assertions would also preclude judicial review because of their conclusory nature.

    b. *The government is acting in bad faith.*

The government also states that they are not acting in "bad faith" in motioning the Court to dismiss without prejudice. However, they are. As the government states in their motion, at Mr. Nunez-Soberanis's trial, the trier of fact described the government's case as "barely sufficient" to convict Mr. Nunez-Soberanis. After defending the erroneous conviction for nearly three years on appeal, the government saw the writing on the wall after reading Mr. Nunez-Soberanis' opening brief in the Ninth Circuit and asked the panel for "remand for a new trial." *See* Unopposed Motion to Vacate and Remand for New Trial, 20-50259, Dkt. 20 at 1. Instead of getting what it represented to the Ninth Circuit that it wanted – "remand for a new trial" – the government now seeks dismissal without prejudice. Mr. Nunez-Soberanis is now demanding a new trial. The government knows that they do not have the evidence to convict Mr. Nunez-Soberanis at trial. Rather than dismiss the information with prejudice, which would preclude the government from recharging Mr. Nunez-Soberanis, they instead now move to dismiss the information without prejudice so that they may hold recharging over Mr. Nunez-Soberanis's head until the statute of limitations have run. In short, the government seeks to have their cake and eat it too: sweep Mr. Nunez-Soberanis's case away in a manner that keeps it open, while also not conceding that Mr. Nunez-Soberanis was unjustly prosecuted and put through a trying and terrible ordeal. This action is clearly one of bad faith, and should the government not be willing to concede these things, Mr.

Nunez-Soberanis would respectfully ask for a new trial so that he may once and for all clear his name.

### IV. Mr. Nunez-Soberanis must be permitted to be present for the adjudication of his case.

Lastly, Mr. Nunez-Soberanis asks for a hearing where he can be present to regarding the issue of dismissal; or for a new trial to remedy the government's bad faith motion for dismissal, as there are benefits to being found not guilty as opposed to a dismissal of the information without prejudice. The adjudication of these issues is critical to Mr. Nunez-Soberanis' case, and he deserves to be present for the Court's ruling.

Federal Rule of Criminal Procedure 43 governs a defendant's presence in court. Mr. Nunez-Soberanis does not consent to have his case proceed without his presence, and the only conceivable section that would excuse his presence is Rule 43(b)(3), which says a defendant need not be present for a status conference or the adjudication of a purely legal issue. Critically, the rule does not say that the defendant cannot be present if he wants to be, which is the situation here. Mr. Nunez-Soberanis wants to be present for the upcoming hearing in his case. Rule 43, nor any other rule, law or case that counsel has reviewed would allow the government to seek to exclude Mr. Nunez-Soberanis from a hearing in his case by refusing to issue him the necessary parole paperwork to allow him to be prepared and present for the hearing. This is Mr. Nunez-Soberanis' case, and he must be present in court for its adjudication.

Mr. Nunez-Soberanis was released on bond for nearly a full year awaiting his trial. He lived with a family member in the San Diego area and appeared repeatedly for motion hearings and trial without issue. Counsel has been in communication with Mr. Nunez-Soberanis and he is prepared to appear again for court under the same bond conditions as before. The Court should order his release

under the same bond conditions and further order the government to parole Mr. Nunez-Soberanis into the United States at a reasonable time before his hearing. Counsel would like to meet with Mr. Nunez at least one business day before the hearing and suggests that the government issue his parole for two business days before the hearing. Mr. Nunez-Soberanis has a lengthy trip to arrive at the border and two business days seems like a reasonable margin for error to ensure a continuance is not sought at the last minute.

### V.      Conclusion

In conclusion, Mr. Nunez-Soberanis respectfully asks that this Court (if it determines that it is the proper court to hear these motions; Mr. Nunez-Soberanis argues that the Magistrate Court is the proper court) deny the government's motion to dismiss *without* prejudice and instead grant Mr. Nunez-Soberanis's motion to dismiss *with* prejudice. Should this Court not be inclined to do so, Mr. Nunez-Soberanis respectfully asks for a hearing on the issue or a new trial so that he may confront the government or seek a final judgment on the merits.

Respectfully submitted,

Dated: August 3, 2022

*s/ Jack Notar*
Federal Defenders of San Diego, Inc.
Attorneys for Jose Luis Nunez-Soberanis
Email: Jack_Notar@fd.org