UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>JOSE LUIS NUNEZ-SOBERANIS,<br><br>                  Defendant. | Case No. 18-cr-4781-MDD-BAS<br><br>**JUDGEMENT AND ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS COMPLAINT WITHOUT PREJUDICE**<br>**(ECF No. 106)** |

**I.   Background**

On November 7, 2018, the Government filed an Indictment charging Mr. Nunez-Soberanis with being a "removed alien found in the United States" in violation of 8 U.S.C. § 1326(a). (ECF No. 12.) The Defense moved to dismiss the indictment, arguing that due process rules were violated during Mr. Nunez-Soberanis's prior expedited removal hearing. (ECF No. 27.) After an evidentiary hearing, the Court agreed that due process rules were violated, but ordered additional briefing on the remaining issue of prejudice. (ECF No. 36.) In response, the Government filed a superseding misdemeanor information, charging Mr. Nunez-Soberanis with improper entry by an alien in violation of 8 U.S.C. § 1325(a)(1), dropping all

reference to the prior removal proceedings.  (ECF No. 45.)  The Defense filed a motion to dismiss this superseding information, arguing that the information failed to allege all of the elements required for § 1325(a)(1). (ECF No. 47.)  After the Court ordered briefing on this issue, the Government filed a second superseding information, adding the missing elements to the information.  (ECF No. 60.)

The district court referred the now-misdemeanor case to a Magistrate Judge for a bench trial.  At the bench trial, Border Patrol Agent Munoz testified that on "a rural, mountainous area, with a lot of brush," one mile north of the U.S./Mexico border and eight miles from the nearest Port of Entry, the Agent located Mr. Nunez-Soberanis after following his footprints north, hiding on his stomach under the brush.  The Agent had to pull Mr. Nunez-Soberanis and several other individuals out from underneath the brush.  In response to questioning, Defendant admitted he was a citizen of Mexico with no legal papers to be in the United States.

The Magistrate Judge allowed the Government to elicit the fact that the Agent was responding to a seismic intrusion device, despite a hearsay objection, finding that the information was not being admitted for the truth of the matter, but to explain why the Agent was in this rugged, difficult-to-navigate area.

Over the Defense's objection that there was insufficient *corpus delicti* to support Mr. Nunez-Soberanis's confession, the Magistrate Judge found: (1) the trail was in a remote area; (2) there was a seismic intrusion device triggered roughly one mile north of the border; and (3) Mr. Nunez-Soberanis's footprints were leading north, suggesting that he had triggered the device.  The Magistrate Judge found "that evidence barely sufficient for the intended purpose" but found the Government had proved the case against Mr. Nunez-Soberanis beyond a reasonable doubt.  (ECF No. 89.)  Immediately following the trial on September 27, 2019, the Magistrate Judge sentenced Mr. Nunez-Soberanis to time served, after which he was removed from the United States.  (ECF No. 84.)

| | |
|---|---|
| 1 | The Defense appealed the conviction to the district court, again raising the issues of the hearsay objection to the seismic intrusion device and the evidence supporting Mr. Nunez-Soberanis's guilt other than his confession.  (ECF No. 93.)  The Government responded to the appeal and argued that Agent Munoz's testimony was not hearsay and other admitted evidence demonstrated Mr. Nunez-Soberanis's guilt beyond a reasonable doubt.  (ECF No. 94.)  The District Court agreed, finding that "even without the evidence of the seismic intrusion device, there is sufficient evidence that Defendant's admission that he had illegally entered the United States was not a false admission."  (ECF No. 97.) |

The Defense appealed to the Ninth Circuit.  After a briefing schedule was issued, inexplicably, the Government moved the appellate court for summary vacatur and asked the court to remand the case to the district court for retrial.  The Government now concluded that "the agent's testimony about what the dispatcher told him about the seismic intrusion device was hearsay," and that this hearsay affected the verdict "both because the magistrate explicitly relied on it and because the magistrate judge said that even with the seismic intrusion device, the evidence was 'barely sufficient.'" (9th Cir. Case No. 20-50259, ECF No. 20.)  As the motion was unopposed, the appellate court granted the motion and remanded the case for retrial.  (ECF No. 105.)

Instead of requesting a retrial, the Government moved to dismiss without prejudice, arguing that the Government is "electing to not allocate additional resources to the prosecution of the criminal offense."  (ECF No. 106.)  The Defense responded arguing:  (1) the Magistrate Judge should determine the issue, (2) the case should be dismissed with prejudice; and (3) Mr. Nunez-Soberanis should be paroled back into the country for two days to attend a hearing scheduled by the Court.  (ECF No. 111.)

## II. Analysis

### A. Venue Before District Judge

As a preliminary matter, the Defense argues that venue in this case is properly before the Magistrate Judge, not the undersigned District Judge. The Court disagrees. "The district court may order that proceedings in any misdemeanor case be conducted before a district judge rather than a United States magistrate judge upon the court's own motion." 18 U.S.C. § 3401(f). The Court so orders in this case.

### B. Paroling Defendant into the United States for Hearing

Additionally, the Defense argues that the Court may not proceed in the absence of a hearing and in the absence of Mr. Nunez-Soberanis. Defense requests that the Court order the Government to parole Mr. Nunez-Soberanis back into the United States from Mexico for two days to prepare for the hearing.

A defendant has a constitutional right to be present at every "critical stage" of the trial. *United States v. Marks*, 530 F.3d 799, 813 (9th Cir. 2008); *see also United States v. Rosales-Rodriguez*, 289 F.3d 1106, 1110 (9th Cir. 2002) ("The Constitution does not guarantee that a criminal defendant be present at all stages of the trial, but rather, only at critical stages." (internal quotation marks omitted)). This "privilege of presence is not guaranteed when presence would be useless or the benefit but a shadow." *Id.* (quoting *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987)). The court should "examine any possible violation of the right in light of the whole record." *Id.* Statutorily, "[a] defendant need not be present . . . [when] [t]he proceeding involves only a . . . hearing on a question of law." Fed. R. Crim. P. 43(b)(3).

The Government's motion to dismiss an indictment under Rule 48(a) is just such a proceeding. It involves only a question of law, and this matter is not a critical stage requiring a hearing or that Defendant be produced for the hearing. Although the Court certainly understands why Mr. Nunez-Soberanis would like a few days back in the United States to visit with his family on this side of the border, because

his presence is not required constitutionally or statutorily, the Court denies the Defense's request for a hearing and production of Defendant from Mexico.

### C. Dismissal Without Prejudice

Finally, the Defense objects to the Government's motion to dismiss without prejudice.[1] Rule 48(a) of the Federal Rules of Criminal Procedure allows the Government to dismiss charges, but only with leave of court. "Because of the concern that prosecutors were abusing [their] discretion and harassing defendants by indicting, dismissing, and reindicting without triggering the protections of the double jeopardy clause," the rule requires leave of court "to provide a check on prosecutorial behavior." *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988). However, "Rule 48(a) was not enacted for the purpose of usurping the traditional role of the prosecutor to determine whether to terminate a pending prosecution." *Id.* "The Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively best judge of whether a pending prosecution should be terminated." *United States v. Salinas,* 693 F.2d 348, 351 (5th Cir. 1982) (quoting *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975)). "A fundamental consideration in assessing the propriety of a prosecutor's Rule 48(a) dismissal motion is whether the motion is made in good faith." *Hayden*, 860 F.2d at 1487 (citing *United States v. Wallace*, 848 F.2d 1464, 1468 (9th Cir. 1988)). "If the district court finds that the prosecutor is acting in good faith in making its Rule 48(a) motion," it must grant the motion. *Id.* Conversely, the Court may exercise it discretion and deny the motion only if "it specifically determines that the government is operating in bad faith." *Id.*

//
//
//

---

[1] The Defense does not object to the Government's motion to dismiss but requests that it be with prejudice.

In this case the Government has outlined its reasons for dismissal:

> The United States is simply electing to not allocate additional resources to the prosecution of the criminal offense that defendant admitted to committing—a new trial would require at a minimum testimony of two to three agents that would otherwise be in the field and at least another hour of the Court's time, all drawing on both the Executive and the Judiciary's limited resources. Additionally, at the conclusion of the prior trial, the magistrate judge sentenced Defendant to time served and did not impose a fine, and it appears Defendant was removed from the United States and has not yet returned—all of which suggests that the now vacated criminal conviction and sentence served a deterrent effect and casts doubt on the value of a new trial at this time.

(ECF No. 106.)

Given these stated reasons, the Court cannot find the Government's motion to dismiss is made in bad faith. The Executive is in the best position to determine how its resources should be allotted. Given that Mr. Nunez-Soberanis has been removed from the United States, and that bringing him back from Mexico for a new trial would likely result in the same time served sentence and removal, the Court agrees the Government's decision not to allocate additional resources to this prosecution is reasonable. However, if Mr. Nunez-Soberanis returns illegally to the United States, the Government may decide use of its resources would be well served in reinstituting criminal proceedings. Therefore, the Court finds the prosecution is acting in good faith in moving to dismiss the charges without prejudice, and the Court grants the motion.

### III. CONCLUSION

For the reasons stated above, the Court:

(1) Finds venue is properly before the undersigned District Judge;

(2) **DENIES** Defendant's request to be paroled back into the United States for a hearing on the issue; and

(3) **GRANTS** the Government's Motion to Dismiss the charges without prejudice (ECF No. 106).

**IT IS SO ORDERED.**

DATED: October 12, 2022

Hon. Cynthia Bashant
United States District Judge